# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 13-9477 |
| | ) | (Jointly Administered) |
| COLONIAL COACH LINES and | ) | Chapter 7 |
| PIONEER COACH LINES, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtors. | ) | |
| | ) | **Date: February 1, 2018** |
| | | **Time: 9:30 a.m.** |

**NOTICE OF SECOND AND FINAL APPLICATION OF KEN NOVAK & ASSOCIATES, INC., FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD OF JULY 26, 2013 THROUGH SEPTEMBER 15, 2017 AND PROVIDING FINAL APPROVAL FOR INTERIM FEES AND EXPENSES,
(II) AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES AND (III) LIMITING NOTICE**

PLEASE TAKE NOTICE that on **Thursday, February 1, 2018 at 9:30 AM**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Courtroom 680, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Second and Final Application of Ken Novak & Associates, Inc. for an Order (I) Allowing an Administrative Claim for Compensation for the Period of July 26, 2013 through September 15, 2017 and Providing Final Approval for Interim Fees and Expenses, (II) Authorizing Payment of Unpaid Fees and Expenses and (III) Limiting Notice**, at which time and place you may appear as you see fit.

Dated: January 5, 2018              **KEN NOVAK & ASSOCIATES, INC.,**

                                    By:    /s/ N. Neville Reid
                                        Fox, Swibel, Levin & Carroll, LLP,
                                        General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

*General Bankruptcy Counsel to*
*N. Neville Reid, the Chapter 7 Trustee*

# **CERTIFICATE OF SERVICE**

I, N. Neville Reid, certify that on January 5, 2018, I caused a copy of the foregoing **Second and Final Application of Ken Novak & Associates, Inc. for an Order (I) Allowing an Administrative Claim for Compensation for the Period of July 26, 2013 through September 15, 2017 and Providing Final Approval for Interim Fees and Expenses, (II) Authorizing Payment of Unpaid Fees and Expenses and (III) Limiting Notice,** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.

                                                       */s/ N. Neville Reid*
                                                       N. Neville Reid

# **SERVICE LIST**

**Parties to receive notice electronically via CM/ECF:**

John J Conway on behalf of Creditor Sullivan Hincks & Conway
johnconway@shlawfirm.com

Robert M. Kamm on behalf of Creditor Midland Federal Savings & Loan Association
rkamm@kslawfirm.com

Stuart P Krauskopf on behalf of Creditor Greyhound Lines Inc.
stu@stuklaw.com

James J Macchitelli on behalf of Debtor Colonial Coach Lines
jimmymacc@aol.com

Jeffrey Snell on behalf of the U.S. Trustee
jeffrey.snell@usdoj.gov


**Parties to receive notice electronically via email:**

John Brom, counsel for the principals of the Debtor
jbrom@querrey.com

Jerome Ceravolo, principal of Debtor
jerry@colonialcoach.com

Orazio Ceravolo, principal of the Debtor
rocky@colonialcoach.com

Ken Novak, on behalf of Ken Novak & Associates, Inc.
knovak@kennovakinc.com

James M. O'Rourke on behalf of the Law Offices of James M. O'Rourke
james@jamesorourkelaw.com

Lois West on behalf of Popowcer Katten, Ltd.
lwest@popcocpa.com

Alan Kravets
alan@kravets.net

**Parties to receive notice via postage-prepaid first class U.S. Mail**

Illinois Department of Employment Security
33 S. State St., 10th Floor, Bankruptcy Unit
Chicago, IL 60603
Attn: Amelia Yabes

Sullivan Hincks & Conway
c/o John Conway
120 West 22nd Street, Suite 100
Oak Brook, IL 60523

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Department of Treasury-Internal Revenue
Service
PO Box 7346
Philadelphia, PA 19101

Leonard Lippoldt
2588 Rock Creek Rd.
Plano, IL 60545

Illinois Department of Revenue
(ADMINISTRATIVE)
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Pacific Employers Ins. Co.
c/o Teller Levit & Silvertrust
19 S. LaSalle St., Ste. 701
Chicago, IL 60603

Albert Donegan
8133 S. Yates
Chicago, IL 60617

Bruce Alan Petri
4153 N. Claremont Ave.
Chicago, IL 60618

Kenneth P. Petri
320 Laporte
Northlake, IL 60164

Jose A. Martinez
1683 Penny Ln.
Bartlett, IL 60103

Allen E. Schlueter
1156 Copperfield Ave.
Schaumburg, IL 61093

SMG Security Systems Inc.
American Financial Management, Inc.
8755 West Higgins
Suite 610
Chicago, IL 60631-2751

Mercedes-Benz Financial Services
c/o Robert Kamm
17 N. State St., Ste. 990
Chicago, IL 60602

Lee Zielonka
1068 Cambridge Dr.
Grayslake, IL 60030

Georgios Kousiakis
10 Dover Dr.
Des Plaines, IL 60018

Greyhound Lines Inc.
Stuart Krauskop Law
414 N. Orleans St.
Chicago, IL 60654

John Walek
1728 President
Glendale Hts., IL 60137

Vanessa Berg
204 Five Iron Ct NW
Kennesaw, GA 30144

2

| | |
|---|---|
| Alberto Medina<br>3014 S. Keeler<br>Chicago, IL 60623 | Scott A. Wallace<br>1211 Highland Drive<br>Prospect Hts., IL 60070 |
| Gilbert T. Bernal<br>113 E. Zarley Blvd.<br>Joliet, IL 60433 | Robert B. Berczynski<br>408 Hubbard Ln.<br>Lake Villa, IL 60046 |
| James M. O'Rourke<br>Attorney at Law<br>53 West Jackson Blvd.<br>Suite 240<br>Chicago, IL 60604 | Jan Paricka<br>7970-A Knottingham Circle<br>Darien, IL 60561<br><br>Bruce Lee Long<br>1343 N. Cleveland, Apt. 302<br>Chicago, IL 60610 |
| City of Chicago<br>c/o Charles A. King<br>Chicago Department of Law<br>30 N. LaSalle St., Suite 1400<br>Chicago, IL 60602 | Jerome Ceravolo<br>1600 James Drive<br>Mount Prospect, IL 60056 |
| City of Chicago<br>c/o Charles A. King<br>Chicago Department of Law<br>30 N. LaSalle St., Ste. 1400<br>Chicago, IL 60602 | James Cobb<br>1435 N. Austin Blvd.<br>Chicago, IL 60651<br><br>Quentin T. Wilmington III<br>13628 S. Lowe Ave.<br>Riverdale, IL 60827 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-9477 |
| COLONIAL COACH LINES and | ) | (Jointly Administered) |
| PIONEER COACH LINES, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | **Date: February 1, 2018** |
| | | **Time: 9:30 a.m.** |

**SECOND AND FINAL APPLICATION OF KEN NOVAK & ASSOCIATES, INC., FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD OF JULY 26, 2013 THROUGH SEPTEMBER 15, 2017 AND PROVIDING FINAL APPROVAL FOR INTERIM FEES AND EXPENSES, (II) AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES AND (III) <u>LIMITING NOTICE</u>**

Ken Novak & Associates, Inc. ("<u>KNA</u>"), Financial Liquidation Consultant to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "<u>Trustee</u>") for the jointly-administered bankruptcy estates (collectively, the "<u>Estate</u>") of Pioneer Coach Lines ("<u>Pioneer</u>") and Colonial Coach Lines ("<u>Colonial</u>" and together with Pioneer the "<u>Debtor</u>"), by and through the Trustee's general bankruptcy counsel and pursuant to Sections 328, 330 and 331 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002(h), 2016 and 9006, files this application ("<u>Application</u>") for an order (i) allowing an administrative claim for compensation in the amount of $171,898.48 (the "<u>Requested Compensation</u>") consisting of fees in the amount of $153,169.67 and expenses in the amount of $18,728.81 incurred during the period from July 26, 2013 through September 15, 2017 (the "<u>Application Period</u>"), and providing final approval for fees and expenses of KNA that were previously approved on an interim basis; (ii) authorizing the Trustee to pay the Requested Compensation at this time, with 100% of expenses portion being paid at this time but the fees portion of the Requested Compensation

being paid on a pro-rata basis based on available funds and the balance of other unpaid administrative claims; and (iii) limiting creditor notice to creditors who filed a proof of claim in this case. For its Application, KNA respectfully states the following:

## INTRODUCTION

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(h), 2016 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. Pioneer and Colonial each filed petitions for relief under Chapter 13 of the Bankruptcy Code in this Court on March 11th and 11th 2013, respectively [Pioneer Dkt. 1; Colonial Dkt. 1]. On April 11th and 15th, 2013, respectively, the Court entered orders converting Pioneer's and Colonial's Chapter 13 cases to cases under Chapter 11 of the Bankruptcy Code. [P.Dkt. 15; C. Dkt. 14]

4. On May 21st and 22nd, 2013, respectively, the Court entered orders converting Pioneer's and Colonial's Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. [P. Dkt. 36; C. Dkt. 35]. N. Neville Reid was appointed trustee in each of the Chapter 7 cases.

5. On May 24, 2013, the Court entered orders [P. Dkt. 41; C. Dkt. 41] authorizing the Trustee to operate the respective businesses of Colonial and Pioneer in the ordinary course in order to facilitate the liquidation of the Estate's assets (the "Operating Order").

6. On June 19, 2013, the Court entered an order [P. Dkt. 72] providing for joint administration of Pioneer's and Colonial's bankruptcy cases under Case No. 13-9477.

7. On June 11, 2013, the Court entered an order approving the retention of KNA as Financial and Liquidation Consultant in the Colonial case, and on June 19, 2013 the Court entered an order approving the retention of KNA as Financial and Liquidation Consultant in the Pioneer case [C. Dkt. 54; P. Dkt. 69] (collectively, the "KNA Retention Order"). KNA's compensation was to be on an hourly basis, except that KNA was to be paid on a one-third contingency basis for receivables it collected in the case [Dkt. 46] (the "Receivables Collections").

8. On October 8, 2013, the Court entered an order authorizing the Trustee to charge the Pioneer and Colonial estates, respectively, for expenses that benefitted both estates. [Dkt. 141].

9. On October 28, 2015, the Court entered an order allowing fees and expenses of KNA on an interim basis in the amount of $47,147.44 consisting of fees in the amount of $45,031.10 and expenses in the amount of $2,116.34, for the period May 21, 2013 through July 25, 2013 (Dkt. 189; the "Interim KNA Fees" and the KNA application therefor the "KNA First Application").

10. As explained below, KNA has performed numerous tasks within the scope of the KNA Retention Order that were essential for the administration of the Estate.

**REQUESTED RELIEF**

11. KNA files this Application to be allowed an administrative claim in the amount of the Requested Compensation, which includes the Receivables Collections determined on a contingency basis, and final approval of the Interim KNA Fees.

3

12. KNA further requests authorization for the Trustee to pay the Requested Compensation from funds in the Estate upon entry of an order approving the Requested Compensation, with the expenses being paid 100% and the fees being paid on a pro-rata basis with other administrative expenses insofar as there are insufficient funds in the Estate to pay all of the chapter 7 administrative expenses in full.

13. Attached as <u>Exhibit A</u> to this Application is a schedule of the name and position of each individual who has performed work for KNA for which compensation is sought during the Application Period.

14. Attached as <u>Exhibit B</u> hereto is a summary of the categories of time expended on various tasks during the Application Period, a spreadsheet of detailed time records of the KNA personnel organized under and corresponding to those categories and a summary of accounts receivable collections.

15. Attached as <u>Exhibit C</u> to this Application are the general, chronological detailed billing records of KNA by timekeeper, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period.

16. Attached as <u>Exhibit D</u> to this Application is a detailed summary of out-of-pocket expenses incurred by KNA during the Application Period.

17. Attached as <u>Exhibit E</u> is a description of the time entries that were inadvertently included in the KNA First Application, and were allowed as part of the Interim KNA Fees, and are related to KNA's receivables collection efforts. The value of these entries has been deducted from the Requested Compensation herein in order to account for the fact that KNA was to be compensated for receivables collection on a 1/3 contingency basis, as discussed in paragraph 18(G) below.

4

**PROFESSIONAL SERVICES RENDERED**

18. During the Application Period, and as more specifically delineated on the Exhibits hereto, KNA performed the following services on behalf of the Trustee which were beneficial to the Estate:

    A. <u>Preference Analysis Matters:</u> KNA reviewed records to enable the Trustee to identify potential preference claims in the case. [Fees: $1558.10; Hours: 26.7]

    B. <u>Record Retention:</u> KNA took an inventory of the numerous records in the case and organized, indexed and maintained them so the Trustee and his counsel could utilize them in the administration of the case. [Fees: $5,474.70; Hours: 78.1]

    C. <u>Vehicle Inventory:</u> The Debtor operated a substantial fleet of vehicles (the "<u>Vehicles</u>" or "<u>Estate Vehicles</u>") but the records pertaining to ownership, location, value and transaction history related to such Vehicles did not immediately enable the Trustee to identify and protect property of the estate. KNA diligently inspected and prepared an inventory of the Vehicles which in turn greatly facilitated the Trustee's administration and sale of certain of the Vehicle assets of the Estate. [Fees: $9,481.60; Hours: 166.40]

    D. <u>Assisting Auctioneers:</u> During the Application Period, KNA assisted the Trustee's court-appointed auctioneers, American Auction Associates, Inc., in assembling, organizing and otherwise preparing Estate Vehicles for an auction that eventually occurred in November 2013 and yielded over $288,000 in cash proceeds for the Estate. [Fees: $907.70; Hours: 16.3]

    E. <u>Quickbooks Data:</u> KNA administered the process of inputting the

Debtor's data onto Quickbooks in order to facilitate the Trustee's receivables collection efforts and assist with the preparation of federal and state income tax returns ultimately prepared for the Estate, as discussed in more detail below. [Fees: $3,858.10; Hours: 37.9]

F.  Processing Payroll:  For a brief period early in the case and pursuant to the Operating Order, the Trustee operated the Debtor in part to complete outstanding transportation orders and perfect the Estate's rights to customer prepayments and receivables.  In connection with these operations, KNA put in place important and necessary accounting internal controls to track, verify and process payroll and tax obligations related thereto.  [Fees: $840.20; Hours: 6.2]

G.  Receivables Collection:  KNA began to collect the Debtor's receivables during the Application Period, including by collecting and confirming information, interviewing employees who had a role in generating receivables, assessing the collectability of receivables for the Trustee, and identifying potential receivables not previously disclosed on the Debtors' schedules.  Overall, in part due to KNA's work, the Trustee was able to collect roughly $219,195 from receivables for the Estate.

[The net contingency fee generated from the Receivables Collections by KNA for which final allowance is sought as part of the Requested Compensation is $63,513.47.]

H.  Fuel Credit:  KNA collected and verified supporting information that was necessary to ultimately secure a fuel tax credit refund for the estates.  Based in part on KNA's work (in conjunction with non-duplicative work of the Estate's

6

accountant Lois West), the Estate was able to recover from taxing authorities over $30,000 in fuel tax credits. [Fees: $10,378.50; Hours: 243.10]

I.  Other Tax Returns Data: KNA collected and verified supporting information that was necessary to have Form W-2's prepared for employees and Form 1099's prepared for independent contractors. [Fees: $3,198.20; Hours: 42.6]

J.  Inventory of Debtors' Records and Asset Location: KNA performed more detailed due diligence on the Debtor's records and researched various databases to identify missing assets, verify ownership claims of the Debtor's affiliates as to certain property. KNA also followed up on gaps in the Debtor's records that potentially related to undisclosed assets. In part due to KNA's work, the Trustee was able to construct and support legal theories set forth in the adversary complaint against the Debtor's insiders and a certain affiliate, Alexis Luxury Tours, seeking (*inter alia*) to recover undisclosed assets of the Debtor (Adv. No. 15-00144). [Fees: $2,588.10; Hours: 46.3]

K.  Other Related Tasks: KNA performed a host of other tasks at the request of the Trustee in order to enable the Trustee to operate the Debtor's business during the Application period and identify and liquidate assets, including implementing security procedures to prevent the unauthorized removal of vehicles form the Debtor's leased premises (procedures which did result in the recovery of a motor coach that was removed in the middle of the night by a secured creditor agent incorrectly claiming a right of repossession), interviewing the Debtor's employees to obtain important factual information regarding the whereabouts of various scheduled assets and potential undisclosed assets, resolving vehicle

violations, resolving issues with secured creditors and their collateral, investigating potentially recoverable transfers and verifying fuel reimbursement requests from insiders and employees of the Debtor. The time records for all of these other related tasks are detailed across task codes 12-16 and 18-31 in KNA's time records attached hereto as <u>Exhibit B</u>.  [Fees: $51,371.00; Hours: 601.0]

## APPROPRIATENESS OF FEES

19. The professional services provided by KNA for which KNA seeks the Requested Compensation were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by KNA is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. KNA undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort of KNA or the Trustee or the auctioneer.

20. KNA's fees are recorded in a computerized time record system, from which the bills attached to this Application were generated. KNA has reviewed the bills to ensure their accuracy.

21. KNA's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among Financial and Liquidation Consultants for the work performed – in fact, KNA's rates are very modest compared to comparable professionals, thus benefitting the creditors.

22. KNA's requested fees and costs are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

8

**KNA's EXPENSE POLICIES**

23.   KNA charges clients for actual out-of-pocket expenses it incurs on their behalf such as travel, postage, photocopying costs, printing costs, outside vendor costs, and court fees.

24.   The expenses sought by KNA in this Application relate to photocopying charges, postage, overnight mail charges, postage, removal of records, printing and mileage and fuel reimbursement, all as more specifically delineated on Exhibit D hereto. These expenses were necessary and benefited the Estate.  The total amount of out-of-pocket expenses for which KNA seeks reimbursement is $18,728.81.

**NOTICE**

25.   Notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all secured creditors; (e) all parties set up to receive notice through the Court's ECF filing system; (f) all entities who have filed proofs of claim in this case; and (g) all parties who have formally requested notice of pleadings herein.  In order to limit administrative expenses, and pursuant to Federal Rule of Bankruptcy Procedure 2002(h) (which authorizes the court to limit creditor notice to those entities that have filed proofs of claim in a case), the Trustee requests that no further notice to (a) scheduled creditors that did not file a proof of claim or (b) any other entities other than those described in this paragraph, is necessary.

WHEREFORE, KNA requests entry of an order (i)  allowing it an administrative claim in the amount of $171,898.48 consisting of fees in the amount of $153,169.67 and expenses in the amount of $18,728.81, incurred during the Application Period, (ii) authorizing the Trustee to pay (a) the fees portion of the Requested Compensation on a pro-rata basis with other administrative

9

expenses to the extent of available funds, and (b) 100% of the expenses portion of the Requested Compensation, and (iii) providing such other and further relief as is proper and just.

Dated: January 5, 2018          Respectfully submitted,

**KEN NOVAK & ASSOCIATES, INC.,**

*By:*     */s/ N. Neville Reid*
        Fox, Swibel, Levin & Carroll, LLP,
        General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201
*General Bankruptcy Counsel to*
*N. Neville Reid, the Chapter 7 Trustee*

10