# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re                                   )
                                        )
                                        )        Bankruptcy No. _____
                                        )
                    Debtor.             )        Chapter         _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From    _____, _____    through _____, _____

Amount of Fees Sought:     $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____            Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated:  _____        _____
                                                                  (Counsel)

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-9477 |
| COLONIAL COACH LINES and | ) | |
| PIONEER COACH LINES, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | **Date: February 1, 2018** |
| | ) | **Time: 9:30 a.m.** |

## NOTICE OF THIRD AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF APRIL 1, 2014 THROUGH OCTOBER 30, 2017, (II) PROVIDING FINAL APPROVAL TO ALL PREVIOUSLY ALLOWED INTERIM FEES AND EXPENSES, AND (III) <u>AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES</u>

PLEASE TAKE NOTICE that on **Thursday, February 1, 2018 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Courtroom 680, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **Third and Final Application of Fox Swibel Levin & Carroll LLP for an Order (I) Allowing an Administrative Claim for Compensation and Reimbursement of Expenses for the Period of April 1, 2014 through October 30, 2017, (II) Providing Final Approval to all Previously Allowed Interim Fees and Expenses, and (III) Authorizing Payment of Unpaid Fees and Expenses**, at which time and place you may appear as you see fit.

Dated: January 5, 2018                Respectfully submitted,

**FOX  SWIBEL  LEVIN  &  CARROLL  LLP**

By:    */s/ N. Neville Reid*
      Fox, Swibel, Levin & Carroll, LLP,
      General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## **CERTIFICATE OF SERVICE**

I, N. Neville Reid, certify that on January 5, 2018, I caused a copy of the foregoing **Third and Final Application of Fox Swibel Levin & Carroll LLP for an Order (I) Allowing an Administrative Claim for Compensation and Reimbursement of Expenses for the Period of April 1, 2014 through October 30, 2017, (II) Providing Final Approval to all Previously Allowed Interim Fees and Expenses, and (III) Authorizing Payment of Unpaid Fees and Expenses,** to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system or by postage prepaid first-class U.S. Mail, as indicated.

*/s/ N. Neville Reid*
N. Neville Reid

# **SERVICE LIST**

**Parties to receive notice electronically via CM/ECF:**

John J Conway on behalf of Creditor Sullivan Hincks & Conway
johnconway@shlawfirm.com

Robert M. Kamm on behalf of Creditor Midland Federal Savings & Loan Association
rkamm@kslawfirm.com

Stuart P Krauskopf on behalf of Creditor Greyhound Lines Inc.
stu@stuklaw.com

James J Macchitelli on behalf of Debtor Colonial Coach Lines
 jimmymacc@aol.com

Jeffrey Snell on behalf of the U.S. Trustee
jeffrey.snell@usdoj.gov


**Parties to receive notice electronically via email:**

John Brom, counsel for the principals of the Debtor
jbrom@querrey.com

Jerome Ceravolo, principal of Debtor
jerry@colonialcoach.com

Orazio Ceravolo, principal of the Debtor
rocky@colonialcoach.com

Ken Novak, on behalf of Ken Novak & Associates, Inc.
knovak@kennovakinc.com

James M. O'Rourke on behalf of the Law Offices of James M. O'Rourke
james@jamesorourkelaw.com

Lois West on behalf of Popowcer Katten, Ltd.
lwest@popcocpa.com

Alan Kravets
alan@kravets.net

**Parties to receive notice via postage-prepaid first class U.S. Mail**

Illinois Department of Employment Security
33 S. State St., 10th Floor, Bankruptcy Unit
Chicago, IL 60603
Attn: Amelia Yabes

Sullivan Hincks & Conway
c/o John Conway
120 West 22nd Street, Suite 100
Oak Brook, IL 60523

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Department of Treasury-Internal Revenue
Service
PO Box 7346
Philadelphia, PA 19101

Leonard Lippoldt
2588 Rock Creek Rd.
Plano, IL 60545

Illinois Department of Revenue
(ADMINISTRATIVE)
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Pacific Employers Ins. Co.
c/o Teller Levit & Silvertrust
19 S. LaSalle St., Ste. 701
Chicago, IL 60603

Albert Donegan
8133 S. Yates
Chicago, IL 60617

Bruce Alan Petri
4153 N. Claremont Ave.
Chicago, IL 60618

Kenneth P. Petri
320 Laporte
Northlake, IL 60164

Jose A. Martinez
1683 Penny Ln.
Bartlett, IL 60103

Allen E. Schlueter
1156 Copperfield Ave.
Schaumburg, IL 61093

SMG Security Systems Inc.
American Financial Management, Inc.
8755 West Higgins
Suite 610
Chicago, IL 60631-2751

Mercedes-Benz Financial Services
c/o Robert Kamm
17 N. State St., Ste. 990
Chicago, IL 60602

Lee Zielonka
1068 Cambridge Dr.
Grayslake, IL 60030

Georgios Kousiakis
10 Dover Dr.
Des Plaines, IL 60018

Greyhound Lines Inc.
Stuart Krauskop Law
414 N. Orleans St.
Chicago, IL 60654

John Walek
1728 President
Glendale Hts., IL 60137

Vanessa Berg
204 Five Iron Ct NW
Kennesaw, GA 30144

2

| | |
|---|---|
| Alberto Medina<br>3014 S. Keeler<br>Chicago, IL 60623 | Scott A. Wallace<br>1211 Highland Drive<br>Prospect Hts., IL 60070 |
| Gilbert T. Bernal<br>113 E. Zarley Blvd.<br>Joliet, IL 60433 | Robert B. Berczynski<br>408 Hubbard Ln.<br>Lake Villa, IL 60046 |
| James M. O'Rourke<br>Attorney at Law<br>53 West Jackson Blvd.<br>Suite 240<br>Chicago, IL 60604 | Jan Paricka<br>7970-A Knottingham Circle<br>Darien, IL 60561<br><br>Bruce Lee Long<br>1343 N. Cleveland, Apt. 302<br>Chicago, IL 60610 |
| City of Chicago<br>c/o Charles A. King<br>Chicago Department of Law<br>30 N. LaSalle St., Suite 1400<br>Chicago, IL 60602 | Jerome Ceravolo<br>1600 James Drive<br>Mount Prospect, IL 60056 |
| City of Chicago<br>c/o Charles A. King<br>Chicago Department of Law<br>30 N. LaSalle St., Ste. 1400<br>Chicago, IL 60602 | James Cobb<br>1435 N. Austin Blvd.<br>Chicago, IL 60651<br><br>Quentin T. Wilmington III<br>13628 S. Lowe Ave.<br>Riverdale, IL 60827 |

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 13-9477 |
| COLONIAL COACH LINES and | ) | |
| PIONEER COACH LINES, | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | **Date: February 1, 2018** |
| | ) | **Time: 9:30 a.m.** |

**NOTICE OF THIRD AND FINAL APPLICATION OF FOX SWIBEL LEVIN &
CARROLL LLP FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD OF APRIL 1, 2014 THROUGH OCTOBER 30, 2017, (II) PROVIDING FINAL
APPROVAL TO ALL PREVIOUSLY ALLOWED INTERIM FEES AND EXPENSES,
AND (III) AUTHORIZING PAYMENT OF UNPAID FEES AND EXPENSES**

Fox Swibel Levin & Carroll LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the jointly-administered bankruptcy estates (collectively, the "Estate") of Pioneer Coach Lines ("Pioneer") and Colonial Coach Lines ("Colonial" and together with Pioneer, the "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation in the amount of $93,503.19 consisting of fees in the amount of $89,118.00 and expenses in the amount of $4,385.19 (collectively, such requested fees and expense reimbursement, the "Requested Compensation") incurred during the period from April 1, 2014 through October 30, 2017 (the "Application Period"); and (ii) authorizing the Trustee to pay FSLC (a) outstanding fees and expenses in the amount of $83,142.73 incurred during the period from August 24, 2013 through March 31, 2014 and which were authorized prior hereto to be payable upon the earlier of further Court order or the closing of this bankruptcy case, and (b) allowed fees and 100% reimbursement of all expenses incurred during the Application Period, in

each case (as to the fees) on a pro-rata basis with other chapter 7 administrative creditors, given that there are insufficient funds in the chapter 7 estate to cover administrative expenses. For its Application, FSLC respectfully states the following:

## INTRODUCTION

1.  This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.  Pioneer and Colonial each filed petitions for relief under Chapter 13 of the Bankruptcy Code in this Court on March 11th and 11th 2013, respectively [Pioneer Dkt. 1; Colonial Dkt. 1]. On April 11th and 15th, 2013, respectively, the Court entered orders converting Pioneer's and Colonial's Chapter 13 cases to cases under Chapter 11 of the Bankruptcy Code. [P.Dkt. 15; C. Dkt. 14]

4.  On May 21st and 22nd, 2013, respectively, the Court entered orders converting Pioneer's and Colonial's Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. [P. Dkt. 36; C. Dkt. 35]. N. Neville Reid was appointed trustee in each of the Chapter 7 cases.

5.  On May 24, 2013, the Court entered orders [P. Dkt. 41; C. Dkt. 41] authorizing the Trustee to operate the respective businesses of Colonial and Pioneer in the ordinary course in order to facilitate the liquidation of the Estate's assets (collectively, the "Operating Order").

6. On June 19, 2013, the Court entered an order [P. Dkt. 72] providing for joint administration of Pioneer's and Colonial's bankruptcy cases under Case No. 13-9477.

7. On June 11, 2013, the Court entered an order approving the retention of FSLC as general counsel to the Trustee [Dkt. 55] (the "FSLC Retention Order").

8. On October 8, 2013, the Court entered an order authorizing the Trustee to charge the Pioneer and Colonial estates, respectively, for expenses that benefitted both estates. [Dkt. 141].

9. On October 28, 2015, this Court entered a final order granting FSLC's first interim application for payment of an administrative claim in the amount of $58,133.96, consisting of $57,369.50 in fees and $764.46 in expenses, for the period of May 21, 2013 through August 23, 2013. [Dkt. 190].

10. On November 29, 2016, this Court entered a final order granting FSLC's second interim application (i) allowing an administrative claim in the amount of $83,142.73, consisting of $82,517.50 in fees and $625.23 in expenses, for the period of August 24, 2013 through March 31, 2014 (the "Prior Application Period"), and (ii) deferring payment of any such allowed fees and expenses until the earlier of further Court order or the closing of this bankruptcy case. [Dkt. 231].

11. As explained below, FSLC has performed numerous tasks within the scope of the FSLC Retention Order that were essential for the administration of the Estate.

**REQUESTED RELIEF**

12. FSLC files this Application to be (i) authorized to pay outstanding fees and expenses incurred during the Prior Application Period, and (ii) allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the

3

Application Period, and authorized to pay such outstanding fees on a pro rata basis and reimbursement of all expenses incurred during the Application Period.

13. Attached as Exhibit A to this Application is a schedule of the name and position of each individual who has performed work for the Trustee for which compensation is sought during the Application Period, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

14. Attached as Exhibit B to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (B-1) Reid v. Alexis, et.al., (B-2) Reid v. Flat Iron Capital, (B-3) Reid v. Blue Cross Blue Shield, (B-4) General Case Administration, (B-5) Professional Retention Application, (B-6) Fee Application, (B-7) Avoidance Action Discovery, (B-8) Avoidance Action Trial Litigation, (B-9) Other Discovery, (B-10) Asset Investigation, (B-11) Other Litigation, and (B-12) Asset Sales.

15. Attached as Exhibit C to this Application is a detailed summary of expenses incurred by FSLC during the Application Period.

**PROFESSIONAL SERVICES RENDERED**

16. During the Application Period, and as more specifically delineated on Exhibit B hereto, FSLC performed the following services on behalf of the Trustee which were beneficial to the Estate:

    A.    Reid v. Alexis, et.al. FSLC assisted the Trustee in the preparation and prosecution of a complaint against Alexis Luxury Tours, an affiliate of the Debtor

4

and its principals, resulting in a judgment of $1.3 million. While the Trustee ultimately determined that the judgment was not collectible, the obtaining of the judgment enabled the Trustee to seek and obtain discovery that in turn enabled the Trustee to make an informed decision to close the case rather than incur more resources pursuing collection.

[The tasks in this category account for $16,588.50, or 68.8 hours of the Requested Compensation.]

B.      Reid v. Flat Iron Capital.  FSLC assisted the Trustee in the evaluation of a potential preference claim against Flat Iron Capital.

[The tasks in this category account for $1,161.50, or 5.2 hours of the Requested Compensation.]

C.      Reid v. Blue Cross Blue Shield.  FSLC assisted the Trustee in the evaluation of a potential preference claim against Blue Cross.

[The tasks in this category account for $1,191.50, or 6.1 hours of the Requested Compensation.]

D.      General Case Administration.  FSLC assisted the Trustee in standard tasks necessary to prepare a chapter 7 case for administration, including organizing

5

records (including vehicle title records) and preparing and filing motions for (and making court appearances with respect to) orders (i) retaining professionals hired by the Trustee to assist with the case; (ii) seeking discovery under Bankruptcy Rule 2004 in order to identify potential assets; and (iii) authorizing payment procedures for professionals in the ordinary course.

[The tasks in this category account for $13,283.00, or 64.9 hours of the Requested Compensation.]

E.     Professional Retention Application.     FSLC assisted the Trustee in the preparation and filing of motions to retain professionals in the case in order to enable the Trustee to administer the case.

[The tasks in this category account for $1,614.00, or 7.6 hours of the Requested Compensation.]

F.     Fee Application.  FSLC assisted the Trustee in the preparation of FSLC's and other professionals' fee applications in the case, as necessary to generally administer the case.

[The tasks in this category account for $27,503.50, or 117.0 hours of the Requested Compensation.]

Avoidance Action Discovery. FSLC assisted the Trustee in conducting general discovery to finalize the identification of possible claims against third parties.

[The tasks in this category account for $148.00, or 0.8 hours of the Requested Compensation.]

G.  Avoidance Action Trial Litigation. FSLC assisted the Trustee and his special counsel with obtaining and pursuing the collection of a judgment against Alexis and finalizing the Trustee's analysis of potential claims against principals of the Debtor.

[The tasks in this category account for $8,792.00, or 27.5 hours of the Requested Compensation.]

H.  Other Discovery. During the Application Period, FSLC engaged in general discovery for the Trustee (principally the preparation, filing and presentment of Rule 2004 discovery motions) in order to ascertain potential assets and claims of the Estate against third parties.

[The tasks in this category account for $285.00, or 1.5 hours of the Requested Compensation.]

I.  Asset Investigation. The Debtor operated a substantial fleet of vehicles

7

(the "Vehicles" or "Estate Vehicles") but the records pertaining to ownership, location, value and transaction history related to such Vehicles did not immediately enable the Trustee to identify and protect property of the estate. In some instances vehicles were claimed by affiliates of the Debtor but the alleged affiliate ownership of such vehicles was not clear. FSLC assisted the Trustee in legal due diligence necessary to determine and/or verify the ownership of various Estate Vehicles. In part due to FSLC's foundational and other work during the Application Period, the Trustee was able to obtain a judgment against certain of the Debtor's insiders and a certain affiliate, Alexis Luxury Tours, seeking to recover undisclosed assets of the Debtor and Estate Vehicles that such affiliates inappropriately claimed as their own (Adv. No. 15-00144). FSLC also incurred time during the Application Period following up on various issues related to the auction the Trustee held for the sale of the Estate Vehicles in November 2013.

[The tasks in this category account for $17,263.50, or 56.9 hours of the Requested Compensation.]

J.	Other Litigation. FSLC performed general litigation tasks to help the Trustee identify and administer the litigation assets of the Estate.

[The tasks in this category account for $48.00, or 0.2 hours of the Requested Compensation.]

      K.      <u>Asset Sales.</u> FSLC assisted the Trustee in resolving follow-up issues from the auction of the Debtor's assets held in November 2013, including ownership issues related to purchasers of the Debtor's assets, auctioneer compensation and preparation of information to be used for the report of sale filed with the Court.

[The tasks in this category account for $1,239.50, or 6.7 hours of the Requested Compensation.]

## APPROPRIATENESS OF FEES

17. The total amount of allowed fees sought by FSLC for professional services in this Application is $89,118.00. As an accommodation to the holders of chapter 11 administrative claims in each of the respective Debtors' chapter 11 estates, including many workers who drove buses for the Debtors, the Trustee is remitting $5,000 of funds to each such estate that would otherwise fund professional fees of the Debtors' respective chapter 7 estates. The Trustee also requests that the Court authorize payment of outstanding fees in the amount of $82,517.50 incurred during the Prior Application Period, which were authorized prior hereto to be paid upon the earlier of further Court order or the closing of this bankruptcy case.

18. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved. FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

9

19. FSLC's fees are recorded in a computerized time record system, from which the bills attached to this Application were generated. FSLC has reviewed the bills to ensure their accuracy.

20. FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates for similar bankruptcy attorneys performing similar work.

21. FSLC's requested fees and costs are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

## FSLC's EXPENSE POLICIES

22. FSLC charges clients for actual out-of-pocket expenses it incurs on their behalf such as postage, court costs, outside vendor costs, and electronic document retrieval. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

23. The expenses sought by FSLC in this Application relate to mailing expenses ($283.03); FedEx and Messenger charges ($228.93); Adversary case filing fees ($1,050.00), Pacer and Westlaw Online research expenses ($98.74), Carfax report fees ($54.99), State fee/document retrieval expenses ($210.00), and lien and litigation search expenses ($2,459.50). These expenses were necessary and benefited the Estate. The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $4,385.19.

24. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Debtor's Estate.

10

Document      Page 17 of 18

## **NOTICE**

25.     Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all secured creditors; (e) all parties set up to receive notice through the Court's ECF filing system; (f) all entities who have filed proofs of claim in this case; and (g) all parties who have formally requested notice of pleadings herein.  In order to limit administrative expenses, and pursuant to Federal Rule of Bankruptcy Procedure 2002(h) (which authorizes the court to limit creditor notice to those entities that have filed proofs of claim in a case), the Trustee requests that no further notice to (i) scheduled creditors that did not file a proof of claim or (ii) any other entities other than those described in this paragraph, is necessary.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for the Requested Compensation; (ii) authorizing the Trustee to (a) pay FSLC outstanding fees and expenses in the amount of $83,142.73 incurred during the Prior Application Period and which were authorized prior hereto to be payable upon the earlier of further Court order or the closing of this bankruptcy case, (b) pay FSLC allowed fees incurred during the Application Period, in each case on a pro rata basis,  and (c) reimburse FSLC for all unpaid expenses in the amount of $4,385.19 incurred during the Application Period; and (iii) for such other and further relief as is proper and just.

Dated: January 5, 2018                                      Respectfully submitted,


**FOX, SWIBEL, LEVIN & CARROLL, LLP**


By:     */s/ N. Neville Reid*
       Fox, Swibel, Levin & Carroll, LLP,
       General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)

11

Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

12